IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH STANFILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. : 12-cv-1210 |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CITY OF JACKSON, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  JURISDICTION AND VENUE

1.   This is an employment discrimination action seeking relief as authorized by Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), codified at 42 U.S.C. § 2000(e) *et. seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA"), and the Tennessee Human Rights Act (the "THRA").  Plaintiff further invokes the pendent jurisdiction of this Court to hear and determine claims arising under state law.  All of the actions complained of herein occurred in Madison County, Tennessee, within the jurisdiction and venue of this Court.

### II.  PARTIES

2.   Plaintiff, Deborah Stanfill, is and was at all times relevant to the matters at issue a resident of Madison County, Tennessee, and was at all relevant times hereto, an "employee" of the Defendant, as that term is defined by Title VII, the ADEA, and the THRA.

3.   Defendant, City of Jackson, is a duly incorporated municipality under the laws of

the State of Tennessee located in Madison County, Tennessee, and was at all relevant times hereto an "employer" as that term is defined in § 701(b), (g), and (h), of Title VII, 42 U.S.C. § 2000(e)(b), *et. seq.*, the ADEA, and the THRA.  The agent for service of process is Mayor Jerry Gist and can be served with legal process at 121 E. Main Street, Suite 301, Jackson, Tennessee 38301.

### III.  EXHAUSTION OF REMEDIES

4. Prior to instituting this action, Plaintiff timely filed a charge of discrimination with the Tennessee Human Rights Commission/Equal Employment Opportunity Commission pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e), and the Age Discrimination in Employment Act of 1967, as amended, and received a right to sue letter within ninety (90) days of filing this lawsuit.

### IV.  FACTS

5 Plaintiff is a 55 year old female, who began her employment as a police officer with Defendant City of Jackson in 1988 as a patrol officer.  Throughout her employment, Plaintiff has been an exemplary employee and officer.

6. Shortly after beginning her employment with the Defendant, Plaintiff became aware that the she and other female officers working in the police department were subjected to different terms and conditions of employment than were the male employees.  In that regard female officers were regularly denied many of the opportunities for certain positions, assignments, training, career advancements and promotions that were offered to and often given to the male officers. This disparate treatment has continued in the department through the present time.  In that regard, Plaintiff has, on several occasions, been passed over for promotions that

have been given to less qualified and less senior male employees.  Plaintiff has also been denied certain assignments and training opportunities that have been given to various male officers.

      7.     For the past several years Plaintiff and other female employees have been subjected to inappropriate comments, conduct, pictures and documentation of an offensive, sexual nature by many of the male officers, including high ranking officers working at the department.  This conduct includes, but is not limited to the following: male officers and supervisors repeatedly making sexually explicit statements and "jokes" to and in the presence of female officers, including the Plaintiff; male officers exhibiting sexually suggestive pictures of women in various stages of undress to female officers, including the plaintiff; on one instance a male officer exhibited a photograph to several officers in no way involved in the investigation, including the plaintiff, of a female rape victim, in the act of being raped and asking in a joking manner if it looked like she was enjoying herself.  This sexually offensive conduct was such that a reasonable female would find it offensive and which the Plaintiff found to be extremely offensive.  Upper management at the Defendant, both in the police department and the city administration, including human resources personnel, were aware of the sexual harassment and took no action to stop it from continuing.

      8.     Over the past several years of the Plaintiff's employment with the Defendant several positions in the police department became available that would have been a promotion for the Plaintiff, that Plaintiff applied for or otherwise indicated that she wanted and for which she was well qualified.  These positions were almost invariably given to younger individuals with less experience and qualification than the Plaintiff.  Plaintiff asserts that she was denied these promotions because of her age and that this was part of a pattern and practice of age

discrimination regarding promotions and/or other terms and conditions of employment at the defendant.

9. On April 25, 2008, Plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission against the Defendant asserting that she has been the victim of ongoing gender and age discrimination, hostile work environment because of her sex and age and illegal sexual harassment for the past 15 years. Since being notified of that Charge, the Defendant has repeatedly retaliated against the Plaintiff by denying her promotions, giving her more onerous and/or demeaning work assignments, denying her training opportunities, subjecting her to less favorable terms and conditions of employment and generally creating a hostile working environment in retaliation for filing the Charge.

## V.  CAUSES OF ACTION

### COUNT I

### TITLE VII

10. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

11. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against her on the basis of her sex, constituted illegal sexual harassment and retaliation in violation of her rights under Title VII and the THRA.

12. Plaintiff further avers that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to her employment rights secured under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT II

### THE ADEA

13. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

14. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against her on the basis of her age and in violation of her rights secured under the ADEA.

15. Plaintiff further avers that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to her employment rights secured under the ADEA.

## COUNT III

### TENNESSEE HUMAN RIGHTS ACT

16. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

17. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against her on the basis of her sex and age and in violation of her rights secured under the THRA.

18. Plaintiff further avers that the unlawful employment practices complained of herein were part of a pattern and practice of discrimination and were intentional and/or done with reckless indifference to her employment rights protected by the THRA.

19. Plaintiff further avers that Defendant violated Plaintiff's rights under the THRA, thereby causing damage to Plaintiff.

## VI.  DAMAGES

20. The unlawful employment practices complained of herein caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience and embarrassment, as well as the loss of pay and the benefits of employment, and she has had to retain legal counsel to defend and prosecute her rights.

21. The unlawful employment practices complained of herein were willful, malicious, intentional and/or done with reckless indifference to her employment rights protected by Title VII and/or the ADEA and/or the Tennessee Human Rights Act.

## VII.  PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

a. Declare the Defendants' practices, as complained of herein, to be in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or ADEA and/or the Tennessee Human Rights Act;

b. Grant Plaintiff an injunction prohibiting Defendants, its agents, employees, and successors from further discriminating or retaliating against Plaintiff on account of her sex or age, and for exercising her rights under Title VII of the Civil Rights Act of 1964 and/or ADEA and/or the Tennessee Human Rights Act;

c. Grant Plaintiff an Order requiring Defendants to make her whole by appropriate back pay, front pay, and all other benefits of employment lost as a result of the actions complained of herein;

d. Grant Plaintiff any compensatory and/or punitive damages and/or liquidated

damages to which she is entitled to under the above Title VII of the Civil Rights Act of 1964 and/or ADEA and/or the Tennessee Human Rights Act as a result of the actions complained of herein, including but not limited to damages for severe embarrassment, humiliation, and emotional distress;

  e. Grant Plaintiff liquidated damages as authorized by the ADEA for the Defendants intentional, willful and/or malicious discrimination because of the Plaintiff's age;

  f. Grant Plaintiff a trial by jury;

  g. Grant Plaintiff her costs incurred herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 and/or the Tennessee Human Rights Act;

  h. Grant Plaintiff such other further relief both general and specific as the Court deems necessary and proper in this case.

        Respectfully submitted,

        WEINMAN & ASSOCIATES


        /s/ Michael L. Weinman
        Michael L. Weinman (#015074)
        *Attorney for Plaintiff*
        112 South Liberty Street, Suite 321
        P.O. Box 266
        Jackson, TN 38302
        (731) 423-5565
        mike@weinmanandassoc.com